PEOPLE *ex rel.* TAYLOR *v.* MACLEAN *et al.*, Police Com'rs.

(*Supreme Court, General Term, First Department.* May 15, 1891.)

DISCHARGE OF POLICEMAN—WEIGHT OF EVIDENCE.

The dismissal of a policeman for misconduct will not be disturbed, where there was positive evidence before the commissioner who heard the case that the charge was true, though such evidence was contradicted in all respects by the policeman.

*Certiorari* by William S. Taylor to review the decision of Charles F. Mac-Lean and others, police commissioners, dismissing relator from the police force.

Argued before VAN BRUNT, P. J., and LAWRENCE and DANIELS, JJ.

*John M. Tierney,* for relator.   *John F. Delaney* and *Cornelius F. Collins,* for commissioners.

DANIELS, J.   The relator, who was a patrolman, on the police force, was charged with entering the liquor saloon of James F. Mulligan, on Sunday afternoon of the 20th of April, 1890, and there receiving five dollars from him as a remuneration for not arresting him; and in support of the writ the position is taken that the commissioners were not sustained by the evidence in their conclusion that the charge had been sustained. But the evidence of Mulligan was direct and positive that the charge was true. That was denied by the relator, who in his evidence contradicted the material statements made by Mulligan, and also added that the complaint was caused by resentment for arrests previously made by the officer of disorderly persons who had come from and were near the saloon. Which of these two persons was the most to be relied upon in their statements was an inquiry more within the province of the commissioner, who took their evidence, and observed their demeanor and manner of testifying, and reported it to the other commissioners, and himself voted for the removal of the relator, than it can be within that of the court upon the return to this writ. The other members of the board would naturally be very much guided by the effect made by the evidence on the mind of the commissioner who took it, and that was unfavorable to the relator. He had been impressed by the personal appearance of these persons, had observed their conduct, and considered their motives in the proceeding; and, in support of the view which was the result of the hearing, Mulligan was sustained in the probable truth of his evidence by the circumstances which he detailed, and which could hardly have been invented by him, to give effect to his statements implicating the relator. His relation of what were stated as the facts was consistent throughout; while the relator was contradicted by the witness Peter Yule, who testified that he at first denied having been in Mulligan's saloon on Sunday, when he testified he was there in the course of his own evidence. The relator was also the interested party, and for that reason whether his evidence should be accepted as truthful or not was for the commissioners to decide. *Honegger* v. *Wettstein,* 94 N. Y. 253, 261. As the evidence was produced, it was for them to decide what weight it ought to have, as it is in similar conflicts in actions for the jury to determine its truth; and there is no such improbability affecting the correctness of their conclusion as will justify this court in setting it aside. It was a case within their control for its disposition, and their order dismissing the relator should be affirmed, with costs.

All concur.